UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK DONALD BENTLEY,

    Petitioner,                                 Civil No. 2:09-CV-10106
                                              HONORABLE PAUL D. BORMAN
v.                                                UNITED STATES DISTRICT JUDGE

CAROL HOWES

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO STRIKE RESPONDENT'S MOTION TO DISMISS AND ORDER FOR PETITIONER TO CLARIFY HOW HE WISHES TO PROCEED IN THIS CASE.**

Mark Darold Bentley, ("Petitioner"), confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for unarmed robbery, M.C.L.A. 750.530; conspiracy to commit unarmed robbery, M.C.L.A. 750.157a; M.C.L.A. 750.530; unlawfully driving away an automobile, M.C.L.A. 750.413; conspiracy to unlawfully driving away an automobile, M.C.L.A. 750.157a; M.C.L.A. 750.413; and being a fourth felony habitual offender, M.C.L.A. 769.12. Respondent has filed a motion to dismiss the petition on the ground that petitioner is seeking to raise claims which have not been exhausted with the state courts. Petitioner has filed a reply to the motion to dismiss, in which he asks the Court to strike respondent's pleadings as being an improper response to the petition for writ of habeas corpus.

For the reasons that follow, the Court will deny petitioner's request to strike respondent's motion to dismiss. Petitioner is further ordered to clarify to this Court within thirty days of this order whether he wishes to delete the unexhausted claims from his petition and proceed with the

exhausted claims or whether he wishes to ask this Court to hold the petition in abeyance so he can return to the state courts to exhaust these additional claims.

Petitioner contends that this Court should strike the respondent's motion to dismiss the petition, because it is not an appropriate response to the petition for writ of habeas corpus, in that the motion does not respond to the merits of any of petitioner's claims.

Although the proper response to a habeas corpus petition is an answer prepared in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, a motion to dismiss is appropriate if a federal district court, in its discretion, permits the respondent to file such a motion, either before or after the filing of an answer. *See Ukawabutu v. Morton*, 997 F. Supp. 605, 608 (D.N.J. 1998). Although a motion to dismiss is not considered an "answer or other pleading" under Fed.R.Civ.P. 7(a); a "district court certainly has discretion to order or permit respondents, upon request, to file a motion to dismiss as one of the 'other actions' which the court may allow, including the discretion to permit the filing of a motion to dismiss before a respondent files an answer." *Id.; See also White v. Lewis*, 874 F. 2d 599, 602-03 (9th Cir. 1989)(motion to dismiss petition for writ of habeas corpus on ground of state procedural default was a proper motion under rules governing such actions); *Jackson v. Straub,* 309 F. Supp. 2d 952, 959 (E.D. Mich. 2004)(reasonable for respondent to file motion for summary judgment on statute of limitations grounds, rather than answer merits of petition, when law in effect at time that respondent filed motion held that the habeas petition was time-barred); *Ebert v. Clarke*, 320 F. Supp. 2d 902, 911, n. 16 (D. Neb. 2004)(a motion for summary judgment is appropriate in habeas proceedings).

The instant petition is subject to dismissal because it contains several claims which have

not been exhausted with the state courts. Accordingly, the respondent's reliance on an apparent procedural defense to the petition is a reasonable alternative to answering the petition on the merits. *Jackson,* 309 F. Supp. 2d at 959. Accordingly, the Court will permit respondent to file a motion to dismiss in this case.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

In the present case, a number of petitioner's claims have not yet been presented to the state courts. Petitioner, by his own admission, has presented to this Court numerous ineffective assistance of trial counsel claims which have yet to be presented to the state courts. Specifically, petitioner has raised a number of ineffective assistance of trial counsel claims in his affidavit in support of the petition for writ of habeas corpus which were never raised on his direct appeal. [1] Petitioner acknowledges as much in the affidavit, when he states that appellate counsel was ineffective for failing to raise most of the ineffective assistance of trial counsel claims on his

---

[1] *See* Affidavit in Support of Petition for Writ of Habeas Corpus, pp. 1-7.

direct appeal. [2] In addition, a review of petitioner's brief on appeal with the Michigan Court of Appeals and his application for leave to appeal to the Michigan Supreme Court both show that petitioner raised only four ineffective assistance of trial counsel claims in the state courts, far less than the number of ineffective assistance of trial counsel claims that he now seeks to raise in his petition. [3]

The federal courts do not have jurisdiction to consider a claim in a habeas petition that was not fairly presented to the state courts, and a claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim to the state courts. *McMeans v. Brigano*, 228 F. 3d 674, 681 (6th Cir. 2000). A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990)). Because the overwhelming majority of petitioner's ineffective assistance of trial counsel claims are different than the ineffective assistance of counsel claims that were presented during petitioner's appeal of right, these claims have not been fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)).

In addition, petitioner's ineffective assistance of appellate counsel claim has not yet been presented to the state courts. A claim of ineffective assistance of appellate counsel is subject to the exhaustion requirement. *See e.g. Coleman v. Metrish*, 476 F. Supp. 2d 721, 732 (E.D. Mich. 2007).

---

[2] *Id.,* p. 7, ¶ 22.

[3] *See* Petitioner's Exhibits E and F.

This Court concludes that several of petitioner's claims have not been exhausted, because they were not presented as federal constitutional claims with the state courts. A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins*, 217 F. 3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Rockwell*, 217 F. 3d at 423. Moreover, with the AEDPA, Congress made it clear that the only circumstance in which mixed petitions may be considered by a district court is where the court determines that the petition must be dismissed in its entirety. *Id.* at 424.

Because the instant petition contains claims that have not been exhausted with the state courts, it was entirely appropriate for the respondent to file a motion to dismiss in *lieu* of filing an answer to the petition for writ of habeas corpus. Accordingly, the Court will deny petitioner's request to strike the motion to dismiss.

The Court will also order petitioner to clarify how he wishes to proceed in this case, in light of the fact that the Court has determined that respondent's motion to dismiss is proper and that petitioner appears to have presented unexhausted claims in the petition. In his reply, petitioner has asked this Court to consider deleting the unexhausted claims from his petition and proceeding with the exhausted claims, but then somewhat inconsistently asks this Court to hold the petition in abeyance so that he can return to the state courts to exhaust these additional claims.

A district court must allow a habeas petitioner to delete the unexhausted claims from his or her petition, especially in circumstances in which dismissal of the entire petition without

prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Rhines v. Weber,* 544 U.S. 269, 278 (2005); *See also Banks v. Jackson,* 149 Fed.Appx. 414, 421 (6th Cir. 2005). Alternatively, a federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

In light of the foregoing, the Court will order petitioner to clarify within thirty days of this order whether he wishes to delete his unexhausted claims from the petition and proceed with only the exhausted claims, or whether he wishes to ask this Court to hold the petition in abeyance to permit him to return to the state courts to exhaust these additional claims.

**SO ORDERED.**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 31, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 31, 2009.

S/Denise Goodine
Case Manager