UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK DONALD BENTLEY,

    Petitioner,                                        Civil No. 2:09-CV-10106
                                                       HONORABLE PAUL D. BORMAN
v.                                             UNITED STATES DISTRICT JUDGE

CAROL HOWES

    Respondent,
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

Mark Darold Bentley, ("Petitioner"), confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for unarmed robbery, M.C.L.A. 750.530; conspiracy to commit unarmed robbery, M.C.L.A. 750.157a; M.C.L.A. 750.530; unlawfully driving away an automobile, M.C.L.A. 750.413; conspiracy to unlawfully driving away an automobile, M.C.L.A. 750.157a; M.C.L.A. 750.413; and being a fourth felony habitual offender, M.C.L.A. 769.12.

Respondent filed a motion to dismiss the petition on the ground that petitioner is seeking to raise claims which have not been exhausted with the state courts. Petitioner initially filed a reply to the motion to dismiss, in which he asked the Court to strike respondent's pleadings as being an improper response to the petition for writ of habeas corpus. The Court denied petitioner's request to strike respondent's motion to dismiss. Petitioner was further ordered to clarify to this Court within thirty days of this order whether he wished to delete the unexhausted claims from his petition and proceed with the exhausted claims or whether he wished to ask this Court to hold the petition in abeyance so he can return to the state courts to exhaust these

1

additional claims. *Bentley v. Howes*, No. 2009 WL 2849527 (E.D. Mich. August 31, 2009).

Petitioner has now filed a motion to hold the petition in abeyance so that he can return to the state courts to exhaust his additional claims. For the reasons stated below, in lieu of dismissing the petition, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his additional claims, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

**I. Background**

Petitioner was convicted of the above offenses following a jury trial in the Macomb County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Bentley,* No. 272551 (Mich.Ct.App. October 11, 2007); *lv. den.* 480 Mich. 1076, 744 N.W.2d 172 (2008).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Defendant was denied his constitutional rights to due process and a fair trial through the ineffective assistance of counsel.
>
> II. The cumulative effect of prosecutorial misconduct denied petitioner due process and a fair trial under the U.S. Constitution and laws.
>
> III. The cumulative effect of error violated petitioner's constitutional rights of due process, fair trial, and effective assistance of counsel.

**II. Discussion**

The instant petition is subject to dismissal because it contains several claims which have not been exhausted with the state courts. As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional

exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

In the present case, a number of petitioner's claims have not yet been presented to the state courts. Petitioner, by his own admission, has presented to this Court numerous ineffective assistance of trial counsel claims which have yet to be presented to the state courts. Specifically, petitioner has raised a number of ineffective assistance of trial counsel claims in his affidavit in support of the petition for writ of habeas corpus which were never raised on his direct appeal. [1] Petitioner acknowledges as much in the affidavit, when he states that appellate counsel was ineffective for failing to raise most of the ineffective assistance of trial counsel claims on his direct appeal. [2] Moreover, a review of petitioner's brief on appeal with the Michigan Court of Appeals and his application for leave to appeal to the Michigan Supreme Court both show that petitioner raised only four ineffective assistance of trial counsel claims in the state courts, far less than the number of ineffective assistance of trial counsel claims that he now seeks to raise in his petition. [3]

The federal courts do not have jurisdiction to consider a claim in a habeas petition that was not fairly presented to the state courts, and a claim may be considered "fairly presented"

---

[1] *See* Affidavit in Support of Petition for Writ of Habeas Corpus, pp. 1-7.

[2] *Id.,* p. 7, ¶ 22.

[3] *See* Petitioner's Exhibits E and F.

3

only if the petitioner asserted both the factual and legal basis for his claim to the state courts. *McMeans v. Brigano*, 228 F. 3d 674, 681 (6th Cir. 2000). A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990)). Because the overwhelming majority of petitioner's ineffective assistance of trial counsel claims are different than the ineffective assistance of counsel claims that were presented during petitioner's appeal of right, these claims were not fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)).

In addition, petitioner's ineffective assistance of appellate counsel claim has not yet been presented to the state courts. A claim of ineffective assistance of appellate counsel is subject to the exhaustion requirement*. See e.g. Coleman v. Metrish*, 476 F. Supp. 2d 721, 732 (E.D. Mich. 2007).

This Court concludes that several of petitioner's claims have not been exhausted, because they were not presented as federal constitutional claims with the state courts. A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins*, 217 F. 3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Rockwell*, 217 F. 3d at 423. Moreover, with the AEDPA, Congress made it clear that the only circumstance in which mixed petitions may be considered by a district court is where the court determines that the petition must be dismissed in its entirety. *Id.* at 424.

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could therefore exhaust these claims by filing a post-conviction motion for relief from judgment with the Macomb County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The Court's only concern in dismissing the current petition involves the possibility that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of these issues in the state courts.

A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's

5

statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." Further, petitioner may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *See e.g. Wagner v. Smith,* ---- F. 3d----; 2009 WL 3029654, * 6, n. 4 (6th Cir. September 24, 2009). Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which she must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal

quotation omitted).

**III. ORDER**

Accordingly, **IT IS ORDERED** that that petitioner may file a motion for relief from judgment with the state court within sixty (60) days of receipt of this Court's order. If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claim or claims. The petitioner shall re-file his habeas petition within 60 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims. This tolling is conditioned upon petitioner re-filing his habeas petition under the current caption and case number within **sixty (60) days** after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**

          S/Paul D. Borman  
          PAUL D. BORMAN  
          UNITED STATES DISTRICT JUDGE

Dated: October 8, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 8, 2009.

          S/Denise Goodine  
          Case Manager